**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PATRICIA M. WHITEHEAD,

    Defendant-Appellant.

No. 00-6392
(W. District of Oklahoma)
(D.C. No. 00-CV-1700-L)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The case is before this court on Patricia Whitehead's request for a certificate of appealability ("COA"). Whitehead seeks a COA so she can appeal

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's denial of her motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (providing that a petitioner may not appeal the denial of a § 2255 petition unless she first obtains a COA). Because Whitehead has failed to make "a substantial showing of the denial of a constitutional right," her request for a COA is **denied**. *See id*. § 2253(c)(2). Whitehead's motion to proceed *in forma pauperis* on appeal is also **denied**.

After a jury trial, Whitehead was convicted of one count of conspiracy, several counts of bribery, and several counts of money laundering. The district court then concluded that Whitehead had committed perjury during her trial and, accordingly, increased her base offense level by two levels for obstruction of justice. *See* U.S.S.G. § 3C1.1. Whitehead was sentenced to 108 months' imprisonment and three years' supervised release. On direct appeal, this court affirmed Whitehead's convictions and sentence. *See United States v. Pretty*, 98 F.3d 1213 (10th Cir. 1996).

Whitehead next filed the instant § 2255 habeas petition. In her petition, Whitehead raised only one claim related to her sentencing. Citing to *Apprendi v. New Jersey*, Whitehead argued that her due process rights were violated when the district court imposed the two-level obstruction of justice adjustment. *See* 120 S. Ct. 2348 (2000). Whitehead took the position that the question of whether she

-2-

committed perjury during her trial should have been determined by a jury and not the trial court. The district court considered Whitehead's argument and concluded that she was not entitled to relief because, even with the two-level increase, she was sentenced below the statutory maximum for both bribery and money laundering. *See* 18 U.S.C. §§ 666(a) and 1956(a)(1).

In this appeal, Whitehead raises the same sentencing issue she raised before the district court. Whitehead claims that without the obstruction of justice adjustment, her sentencing guideline range would have been seventy-eight to ninety-seven months but that with the increase the guideline range was ninety-seven to one hundred twenty-one months. This court has held that " *Apprendi* does not apply to sentencing factors that increase a defendant's guideline range but do not increase the statutory maximum." *United States v. Sullivan*, No. 00-8012, 2001 WL 273260, at \*7 (10th Cir. March 20, 2001). Thus, it is abundantly clear that Whitehead is not entitled to relief under *Apprendi*.

Whitehead is not entitled to a COA unless she can make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Whitehead may make this showing by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). This court has reviewed Whitehead's request for a

COA, her appellate brief, the district court's order, and the entire appellate record. That review demonstrates that the district court's disposition of Whitehead's § 2255 petition is not deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. Thus, Whitehead has failed to make "a substantial showing of the denial of a constitutional right" and she is not entitled to a COA. *See* 28 U.S.C. § 2253(c)(1)(B). This court **denies** Whitehead's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge